Charles S. LiMandri, SBN 11084
Paul M. Jonna, SBN 265389
Teresa L. Mendoza, SBN 185820
Jeffrey M. Trissell, SBN 292480
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, California 92067
Tel: (858) 759-9948; Fax: (858) 759-9938
cslimandri@limandri.com

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

CITIZENS FOR QUALITY EDUCATION SAN DIEGO, an unincorporated nonprofit association; SAN DIEGO ASIAN AMERICANS FOR EQUALITY FOUNDATION, a nonprofit public-benefit corporation; SCOTT HASSON, individually and as next friend on behalf of his minor child, C.H; CHAOYIN HE, individually and as next friend on behalf of her minor child, B.H; XUEXUN HU, individually and as next friend on behalf of his minor child, R.H; KEVIN STEEL and MELISSA STEEL, individually and as next friends on behalf of their minor child, K.S; and JOSE VELAZQUEZ, individually and as next friend on behalf of his minor child, J.V.,

        Plaintiffs,

vs.

RICHARD BARRERA, in his official capacity as Board President; KEVIN BEISER, in his official capacity as Board Vice President; JOHN LEE EVANS, in his official capacity as Board member; MICHAEL MCQUARY, in his official capacity as Board member; SHARON WHITEHURST-PAYNE, in her official capacity as Board member; and CYNTHIA MARTEN, in her official capacity as Superintendent,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:17-cv-1054-BAS (JMA)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

## INTRODUCTION

Defendants' motion to strike is an example of why courts rarely grant them. Indeed, courts have long noted that parties use motions to strike as a tactic to bog down the proceedings or muddy the waters. In this case, Defendants are partnering with the Council on American-Islamic Relations (CAIR)—a notoriously controversial Islamic syndicate—on an initiative to "combat Islamophobia" in the San Diego Unified School District. Defendants do not dispute whether their relationship with CAIR is unlawful. Instead, they have asked this Court to strike two "derogatory" and "unsavory" allegations from Plaintiffs' amended complaint about CAIR's anti-Israel, terror-linked background.[1] They contend that the allegations are immaterial, impertinent, and scandalous; and keeping them in pleadings, they say, makes them look bad. Defendants are wrong. *First*, they are asking this Court to wade into fact-intensive issues at the outset of this case and rush to judgment on Plaintiffs' claims. *Second*, their argument leaps over the critical step of the Rule 12(f) analysis: proving that the challenged allegations—which are just *two* clauses in just *two* paragraphs—are prejudicial. They are not. Based on the lack of substance to Defendants' claims as well as the general disfavor of district courts with granting motions to strike, this Court should deny Defendants' "purely cosmetic" motion.

## BACKGROUND

## I.   RELEVANT FACTS

In April 2017, Defendants approved an initiative purportedly to combat "Islamophobia"[2] in the San Diego Unified School District.[3] Under the initiative's official policy,[4] District officials must offer Muslim students special accommodations and privileges, find ways to advocate for Muslim culture, learn more about Islamic religious

---

[1] *See* Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. to Strike 3 n. 1, ECF No. 18-1 (requesting this Court to strike only two clauses from ¶ 140 and ¶ 228 in Pls.' Amend. Compl., ECF No. 3).
[2] "Islamophobia" is the "[f]ear, hatred, or mistrust of Muslims or of Islam." *Islamophobia*, American Heritage Dictionary (5th ed. 2017).
[3] *See* San Diego Unified Sch. Dist. Bd. of Ed., Minutes of the Regular Bd. Mtg. E(1) (Apr. 4, 2017).
[4] *See* San Diego Unified Sch. Dist. Bd. of Ed., "Vision 2020 District Accountability" report, Attach., Minutes of the Regular Bd. Mtg. E(1) (Apr. 4, 2017), https://goo.gl/wkbi7u.

practices, and vet educational materials to make sure that they portray Islam more inclusively. As relevant to Defendants' motion, the policy also calls for formalizing the District's longtime partnership with the Council on American-Islamic Relations (CAIR).[5]

CAIR identifies itself as America's largest Muslim civil liberties organization. One of CAIR's "core principles" is that "the active practice of Islam strengthens the social and religious fabric of our nation."[6] To that end, CAIR has prioritized public schools as ground zero to advance its religious mission. Accordingly, it gradually engages school districts to hold workshops for educators, secure accommodations for Muslim students, and visit schools to both proselytize to schoolchildren and pass out religious propaganda. Indeed, Nihad Awad, CAIR's National Executive Director, testified that "informing the American public about the Islamic faith is a religious obligation, and distributing these publications is both a religious and educational exercise."[7] Below are photographs of a CAIR visit to the District's Logan Elementary School in February 2017, where Hanif Mohebi, the executive director of CAIR's San Diego chapter, proselytized to students and passed out CAIR propaganda:[8]

 

---

[5] The extrinsic facts provided in this memorandum illustrate that, contrary to Defendants' assertions, the challenged allegations in Plaintiffs' amended complaint are well supported. Should this Court be inclined to grant Defendants' motion to strike, Plaintiffs are prepared to respectfully request leave to amend and incorporate the additional facts provided herein. *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979) ("In the absence of prejudice to the opposing party, leave to amend should be freely given."); *accord* Fed. R. Civ. P. 15 ("The court should freely give leave when justice so requires.").

[6] *About Us*, Council on American-Islamic Relations, https://goo.gl/bAKXTR (last visited Dec. 21, 2017).

[7] *CAIR-Foundation, Inc. d/b/a Council on American-Islamic Relations*, Case 05-RC-186732 (N.L.R.B. Apr. 7, 2017) (decision and direction of election).

[8] Megan Burks, *Anti-Islamophobia Training Rolls Out In San Diego Schools*, KPBS News (Feb. 2, 2017), https://goo.gl/iUCF7p.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Despite its benign appearance, however, CAIR is notorious in public policy and national security circles for its ties to Islamic supremacism, including its origination from the Muslim Brotherhood and Hamas.[9] Also:

- Federal prosecutors have acknowledged that Muslim Brotherhood leaders founded CAIR and that it has conspired with Muslim Brotherhood affiliates to support terrorists.[10]
- In 2007, federal prosecutors named CAIR as an unindicted co-conspirator with the Holy Land Foundation for Relief and Development and five of its leaders for materially supporting Hamas.[11] Among those convicted in the Holy Land Foundation trial was Ghassan Elashi, the founder of CAIR's Dallas chapter.[12]
- In 2008, the FBI ended formal contact with CAIR because of its ties to terrorism.[13]
- In 2014, the United Arab Emirates, as part of a federal law to combat extremism, designated CAIR as a terrorist organization.[14]

Although CAIR asserts that it is the voice of American Muslims, that claim is undercut by its isolated status within the Muslim community. For example:

- In a 2011 Gallup poll, only 12% of American Muslims surveyed said that CAIR represents their interests.[15]
- Dr. Zuhdi Jasser, founder of the progressive American Islamic Forum for Democracy, stated: "CAIR is a primary obstacle in the effort of many honest American Muslims who recognize our need to own up and

---

[9] On October 8, 1997, the United States Department of State designated Hamas as a foreign terrorist organization under the Immigration and Nationality Act of 1965 § 219, 8 U.S.C. § 1189 (2013). *See* Designation of Foreign Terrorist Organizations, 62 Fed. Reg. 52650-01 (Oct. 8, 1997).

[10] *See* Opp'n to CAIR's Mot. for Leave to File a Br., *etc.*, *United States v. Holy Land Found. for Relief and Dev.*, Cr. No. 3:04-CR-240-G, 2007 WL 2011319 (N.D. Tex. September 4, 2007), *available at* https://goo.gl/MxXoBA.

[11] *See* Trial Br. Attach. A, *United States v. Holy Land Found.*, Cr. No. 3:04-CR-240-G (N.D. Tex. May 29, 2007), *available at* https://goo.gl/2Y8pKQ.

[12] *See United States v. Elashi*, 440 F. Supp. 2d 536 (N.D. Tex. 2006), *aff'd in part, vacated in part, rev'd in part sub nom. United States v. Elashyi*, 554 F.3d 480 (5th Cir. 2008).

[13] *See* Letter from James E. Finch, Special Agent, FBI, to Muslim Community Outreach Program (MCOP) Invitee (Oct. 8, 2008), *available at* https://goo.gl/SpQMHR.

[14] *See UAE Cabinet Approves List of Designated Terrorist Organisations, Groups*, Emirates News Agency (Nov. 15, 2014, 10:34 PM), *available at* https://goo.gl/dfmSDX.

[15] Abu Dhabi Gallup Center, Muslim Americans: Faith, Freedom, and the Future (2011), https://goo.gl/Y6Trw6.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

lead long-overdue reforms against the root causes of radicalization: Islamism and its separatism."[16]

- Raheel Raza, President of the Council for Muslims Facing Tomorrow, stated: "CAIR's information is marketed and packaged so it seems that they speak for all of us, but they don't speak for me and my group. CAIR does not and has never represented the majority Muslim voices which are as diverse as Muslims in America."[17]
- Seifeldin Ashmawy, former publisher of *Voice of Peace*, stated that CAIR "champion[s] extremists whose views do not represent Islam. They do not represent moderate Muslims. . . ."[18]

Also, CAIR is noted for its opposition to the existence of Israel and its resistance to Jewish advocacy in the United States. Indeed, the Anti-Defamation League (ADL), which presently partners with the District in an educational initiative entitled "No Place for Hate,"[19] published a "Profile" two years ago about CAIR as part of its "Imagine a World without Hate" campaign.[20] According to ADL, "CAIR has a long record of anti-Israel activity."[21] Further:

- "[CAIR's] leadership has accused Israel of being a racist state engaged in genocide and Israel supporters in the U.S. of promoting 'a culture of hostility towards Islam.'"[22]
- "CAIR's stated commitment to 'justice and mutual understanding' . . . is undermined by its anti-Israel agenda."[23]
- "CAIR chapters continue to partner with various anti-Israel groups that seek to isolate and demonize the Jewish State."[24]

/ / /

---

[16] Malia Zimmerman, *'They Don't Speak for Me': New Muslim Groups Reject CAIR Representation*, Fox News (Dec. 20, 2015), https://goo.gl/PoHkDw.
[17] *Id.*
[18] *See Terrorism: Two Years After 9/11, Connecting the Dots: Hearing Before the Subcommittee on Terrorism, Technology, and Homeland Security of the S. Judiciary Comm.*, 108th Cong. 1 (2003) (statement of Matthew Epstein, Asst. Dir., Investigative Project), https://goo.gl/oCe8Gx.
[19] *See* San Diego Unified Sch. Dist. Bd. of Ed., *Anti-Defamation League P'Ship agreement*, Attach., Minutes of the Regular Bd. Mtg. E(2) (July 25, 2017), https://goo.gl/xVU2Zd.
[20] *Profile: The Council on American Islamic Relations*, Anti-Defamation League (2015), https://goo.gl/H2fySR.
[21] *Id.* at 3.
[22] *Id.*
[23] *Id.* at 2.
[24] *Id.*

Examples of CAIR's anti-Israel advocacy in San Diego are the following pictures from Hanif Mohebi's Facebook page,[25] which show his participation in the political opposition to the United States' recognition of Jerusalem as the capital of Israel:[26]



## II. PROCEEDINGS

Plaintiffs are five families and two local community organizations. In May 2017, they filed a civil rights complaint under 42 U.S.C. § 1983, alleging that the Anti-Islamophobia Initiative and Defendants' partnership with CAIR violate the California and United States constitutions.[27] Plaintiffs filed their amended complaint the following month, alleging additional state law claims.[28] As relevant here, Plaintiffs claim that by empowering CAIR with decision-making authority over District instructional materials, Defendants violated Section 51501 of the California Education Code,[29] which prohibits school districts from adopting instructional materials that reflect adversely on persons based on religion.[30]

/ / /

/ / /

---

[25] Hanif Mohebi (@mohebi.h), Facebook (December 8, 2017, 8:13 PM), https://goo.gl/DZ1Pkm [https://perma.cc/7SSH-YAMZ], and Hanif Mohebi (@mohebi.h), Facebook (December 9, 2017, 1:46 PM), https://www.facebook.com/mohebi.h/posts/1871691319527924 [https://perma.cc/Z3QR-57GU].
[26] *See* Statement, President Donald J. Trump, President Donald J. Trump's Proclamation on Jerusalem as the Capital of the State of Israel (Dec. 6, 2017), https://goo.gl/5MZ71i.
[27] Compl., ECF No. 1.
[28] Amend. Compl., ECF No. 3.
[29] *Id*. at ¶ 228.
[30] *See* Cal. Educ. Code § 51501.

**ARGUMENT**

## I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. "Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1223 (S.D. Cal. 2010), *aff'd*, 768 F.3d 843 (9th Cir. 2014).  Motions to strike are also disfavored because of the strong public policy favoring resolution on the merits. *See* 61A Am. Jur. 2d Pleading § 450. Thus, "[s]uch motions should only be granted if the matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit." *New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (internal quotation marks omitted).

## II.   REASONS TO DENY DEFENDANTS' MOTION TO STRIKE

### 1.   <u>Defendants Fail to Satisfy the Requirements of Rule 12(f)</u>.

Defendants contend that two clauses in Plaintiffs' amended complaint, (Amend. Compl. ¶¶ 140, 228), are "immaterial, impertinent, and scandalous." (Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. to Strike ("Defs.' Mem.") 3, ECF No. 18-1).[31] Their arguments are fatally flawed. For starters, Defendants assert that the clauses do not provide "factual support" for Plaintiffs' claims and therefore are immaterial. (*Id*. at 3-6). "Immaterial" claims are those that have "*no bearing* on the controversy before the court." Rutter Grp. Prac. Guide: Fed. Civ. Proc. Before Trial § 9:386 (Calif. & 9th Cir. Eds. 2017).

---

[31] Defendants want this Court to strike from the amended complaint just two clauses (in italics) from the following two paragraphs: (1) "Defendants' collaborative efforts to vet and revise curricula, library books, and other educational materials with CAIR—*an anti-Israel organization that rejects Israel as a legitimate State and adversely demonizes Jewish people*—to promote a more "favorable" and "inclusive" depiction of Islam and Muslim culture, poisons the educational environment and advances a particular political and religious viewpoint to a captive student audience (Amend. Compl. ¶ 140) (emphasis added); and (2) "Defendants have adopted, distributed, and disseminated instructional materials created, published, and provided by CAIR-CA, *whose organizational activities include disparaging Judaism, de-legitimizing Israel's right to exist, and adversely demonizing Jewish people*. (Amend. Compl. ¶ 228) (emphasis added).

6

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Defendants contend that by referencing "CAIR's alleged terrorist ties and disparaging of Judaism," Plaintiffs are merely trying to "ascribe a nefarious character" to CAIR and the District's relationship. (Defs.' Mem. 4). Their argument is pure speculation. In support, Defendants cite a handful of cases where courts have stricken allegations as immaterial. (*Id.*). But they are all irrelevant here in light of one established legal maxim: "No one can take advantage of his own wrong." Cal. Civ. Code § 3517. Defendants knew about CAIR's history long before this action was brought. Accordingly, they had countless opportunities to disavow CAIR, or at the very least, to sever ties with them. In short, Defendants' complaints about Plaintiffs' "nefarious ascription" are without merit.[32]

Equally meritless is Defendants' assertion that Plaintiffs' allegations will "inflame the public," especially those "members of the public who review the FAC." (*Id.* at 3, 5). Defendants are mistaken for three reasons. First, the challenged allegations already appear in Plaintiffs' original complaint, which is readily available to the public. Second, Defendants already concede that this is a "high profile lawsuit" that has "garnered public attention." (*Id.* at 3). It cannot follow, then, that the amended complaint—which was filed *over six months ago*—could add any fuel to the fire, much less to the fire that they themselves lit. Third, pleadings are generally inadmissible at trial, *see* Rutter Grp. Prac. Guide: Fed. Civ. Proc. Before Trial § 9:376, so any claim that these allegations would negatively influence a jury is misleading. In short, Defendants have it all backwards.

Defendants fare no better with their premise that Plaintiffs' claims are impertinent. (Defs.' Mem. 3-6). "Impertinent" allegations "are not responsive or relevant to issues involved in the action and that could not be admitted as evidence in the action." Rutter Grp. Prac. Guide § 9:376. Defendants contend that Plaintiffs "provide no facts sufficient

---

[32] Defendants also assert in passing that the challenged allegations "do not bear on Plaintiffs' claims that [the District] has engaged in excessive religious entanglement or religious discrimination; nor do the allegations provide any factual support for Plaintiffs' claims." (Defs.' Mem. 4). This is yet another illustration of why this motion to strike is inappropriate. "The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6), not Rule 12(f)." *Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009). Defendants' own words speak volumes.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

to make [the] leap" between CAIR's background and the Anti-Islamophobia Initiative. (Defs.' Mem. 5). Contrary to what Defendants would have this Court believe, there is ample evidence demonstrating CAIR's harmful influence within the District, including its manipulation of instructional materials to advance their sectarian agenda. Once again, none of the cases that Defendants cite addresses a situation like this one, where a religious organization with an internationally reprehensible reputation functions as the ministerial arm of a government institution. (*Id.*). The more Defendants try to conjure up support for their contentions, the more their arguments fall away.

Further, Defendants mistakenly contend that the challenged allegations are "scandalous." (*Id.* at 3, 6). "Scandalous" allegations are those that "cast a cruelly derogatory light on a party or other person." *Gonzalez v. United States*, No. 13CV2266 BEN RBB, 2014 WL 3661323, at *2 (S.D. Cal. 2014) (internal quotation marks omitted). To be sure, "it is not enough that the matter offends the sensibilities of the objecting party or the person who is the subject of the statements in the pleading, if the challenged allegations describe acts or events that are relevant to the action." 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2017). Here, Defendants attempt to mischaracterize the issue and distract the Court from the real scandal in this case: Defendants' wedded partnership with a notorious, pervasively sectarian organization. Defendants cannot deny that CAIR is "linked by a complex set of personal, financial, and operational relationships with Islamic extremist groups." (Amend. Compl. ¶ 72). Nor can they wish away the volumes of evidence exposing CAIR's anti-Israel agenda. Instead, they can only serve up a red herring in the form of this motion. In any event, Defendants present nothing to suggest that they will be "scandalized" by these allegations. That is because there is nothing.

/ / /

/ / /

/ / /

/ / /

### 2. Defendants Cannot Overcome District Courts' General Disfavor With Granting Motions to Strike.

"[F]ederal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike . . . are not favored, often being considered purely cosmetic or time wasters. . . ." Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (internal citation and quotation marks omitted). The function of a motion to strike is to avoid spending time and money litigating "spurious issues." *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010). Defendants contend that striking the challenged allegations will save time. (Defs.' Mem. 3). Yet by this motion, Defendants are doing precisely the opposite. Indeed, courts deny motions to strike because they get in the way of "the just and efficient disposition of the litigation." Fed. Prac. & Proc. § 1382 (internal citation omitted). So it is here. Because the challenged allegations raise issues of fact and law, Defendants' motion "should be denied and the sufficiency of the allegations left for further elaboration through discovery and adjudication by summary judgment or a trial on the merits." *Id*.

### 3. Defendants' Complaint About Suffering Prejudice is Meritless.

Defendants contend that "being forced" to respond to the allegations "paragraph by paragraph" will cause them to suffer prejudice. (Defs.' Mem. 6). In support, they cite a 38-year-old district opinion in *In re Agent Orange Prod. Liab. Litig*., 475 F. Supp. 928 (E.D.N.Y. 1979). (*Id*.). There, the court struck down allegations of the defendants' corporate history as prejudicial because they "would be burdensome to answer." *In re Agent Orange*, 475 F. Supp. at 936. But Defendants' attempt to analogize the facts of that case with this one is far-fetched. The "burdensome" allegations in *In re Agent Orange* amounted to a whopping *425 paragraphs*. *Id*. at 936. Here, Defendants only seek to strike *two clauses* from just *two paragraphs*. (Defs.' Mem. 4 n. 1). That is hardly onerous. In short, Defendants' contention about suffering prejudice is a sham. Consequently, their entire argument under Rule 12(f) collapses.

/ / /

9

**CONCLUSION**

While the full story remains unknown, the facts that have emerged thus far in this case paint a deeply troubling picture of a divisive religious group asserting its agenda in a public school district. Here, CAIR's unprecedented decision-making authority in the District has caused reasonable people—like Plaintiffs—to question whether District instructional materials will remain religiously neutral, fair, and balanced in compliance with California state law. And a central consideration is CAIR's hostility toward Israel and its connections to extremism. Although Defendants pretend that the real record about CAIR does not exist, "[a] court must deny the motion to strike if there is *any doubt* whether the allegations in the pleadings might be relevant in the action." *Oracle America, Inc. v. Micron Tech., Inc*. 817 F.Supp.2d 1128, 1132 (N.D. Cal. 2011) (emphasis added). Plaintiffs' allegations are without a doubt more than relevant; therefore, this Court should deny Defendants' motion to strike.

Respectfully submitted,

FREEDOM OF CONSCIENCE DEFENSE FUND

Dated:  December 29, 2017      By:      /s/ Charles S. LiMandri
                                        Charles S. LiMandri
                                        Paul M. Jonna
                                        Teresa L. Mendoza
                                        Jeffrey M. Trissell
                                        Attorneys for PLAINTIFFS

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE