MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
JENNIFER M. FONTAINE (SBN 258901)
jfontaine@paulplevin.com
**PAUL, PLEVIN, SULLIVAN &**
**CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants San Diego
Unified School District; Richard Barrera;
Kevin Beiser; John Lee Evans; Michael
McQuary; Sharon Whitehurst-Payne;
Cynthia Marten

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR QUALITY EDUCATION SAN DIEGO, an unincorporated nonprofit association; SAN DIEGO ASIAN AMERICANS FOR EQUALITY FOUNDATION, a nonprofit public-benefit corporation; SCOTT HASSON individually and as next friend on behalf of his minor child, C.H.; CHAOYIN HE, individually and as next friend on behalf of her minor child, B.H.; XUEXUN HU, individually and as next friend on behalf of his minor child, R.H.; KEVIN STEEL and MELISSA STEEL, individually and as next friends on behalf of their minor child, K.S.; JOSE VELAZQUEZ, individually and as next friend on behalf of his minor child, J.V., | Case No. 17CV1054 BAS JMA **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFFS' FIRST AMENDED COMPLAINT** **[Fed. R. Civ. P. 12(f)]** Date:            January 16, 2018 Judge:           Hon. Cynthia Bashant Magistrate Judge: Hon. Jan M. Adler Trial Date:       Not Set **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| Plaintiffs, | |
| v. | |
| SAN DIEGO UNIFIED SCHOOL DISTRICT; RICHARD BARRERA, in his official capacity as Board President; KEVIN BEISER, in his official capacity as Board Vice President; JOHN LEE EVANS, in his official capacity as Board member; MICHAEL MCQUARY in his official capacity as Board member; SHARON | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHITEHURST-PAYNE, in her official capacity as Board member; CYNTHIA MARTEN, in her official capacity as Superintendent ,

        Defendants.

# I.

## INTRODUCTION

Plaintiffs' opposition to Defendants' motion to strike highlights the reason why this is exactly the kind of case in which a motion to strike should be granted. Plaintiffs spend several pages addressing the "relevant facts," which includes a detailed description of CAIR's alleged ties to Islamic supremacism and anti-Israel agenda (including pictures), in an apparent attempt to convince this Court that CAIR is a terrorist and racist organization. Plaintiffs' emphasis on CAIR's alleged terrorist ties and racism, coupled with the allegations in the First Amended Complaint ("FAC"), makes Plaintiffs' mission in including these allegations clear – smear CAIR, and Defendants by association. What is glaringly missing from Plaintiffs' opposition is any explanation as to how these allegations are pertinent to their claims that Defendants are not respecting the separation of Church and State. All of Plaintiffs' claims are based on the allegation that Defendants introduced religion into the public school system. Whether that religion promotes unpopular political beliefs is irrelevant, as are claims that this religion is linked with terrorism and racism. Instead, the relevant issue at hand is whether Defendant espoused religion. Plaintiffs are trying to pray upon the very stereotypes that resulted in bullying of students and created the need for Defendants' anti-bullying policies. Thus, these allegations are impertinent and immaterial to Plaintiffs' claims and should be stricken.

Contrary to Plaintiffs' arguments, Defendants have also shown that the inclusion of these scandalous allegations in the FAC will prejudice Defendants by inflaming the public (who has access to case filings), confusing the issues, potentially leading to unwarranted and prejudicial inferences by the jury, and forcing Defendants to respond to several paragraphs of irrelevant material.

Thus, Defendants respectfully request that the Court grant their motion to strike.

## II.

## ARGUMENT

By focusing the case on viable issues at the outset, a Rule 12(f) motion "avoid[s] the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). While motions to strike are generally disfavored, deciding whether to grant a motion to strike lies within a court's sound discretion, which is warranted where immaterial, impertinent, or scandalous material is pled. *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

A motion to strike is especially justified where the inclusion of that material will prejudice Defendant, including by associating a party with irrelevant predatory business practices, complicating the issues, possibly creating unwarranted inferences that will be drawn at trial by the jury, or exposing a party to a discovery fishing expedition. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (stricken allegations "created serious risks of prejudice to [counterdefendant], delay and confusion of the issues" due to "a strong likelihood" that the stricken material "would lead to unwarranted and prejudicial inferences" and would have "unnecessarily complicated the trial"); *Neilson*, 290 F. Supp. 2d at 1152-53 (striking allegations regarding business practices of other banks because they "serve to prejudice Union Bank since they seek to associate it with practices that are not at issue in this case" and is "not material to the instant dispute"); *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) ("The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike."); *State of California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("[W]here the

1  motion may have the effect of making the trial of the action less complicated, or

2  have the effect of otherwise streamlining the ultimate resolution of the action, the

3  motion to strike will be well taken."); *Fire Ins. Exch. v. United States*, No. 15-1196,

4  2015 WL 11995254, at \*4 (S.D. Cal. Oct. 30, 2015) (striking immaterial allegations

5  to avoid potential discovery "fishing expedition").

6        Indeed, this is exactly the kind of case in which a motion to strike is

7  warranted.  Plaintiffs have failed to establish *any reason* why these allegations about

8  CAIR's terrorist ties and racism – which are wholly unrelated to CAIR's

9  relationship with SDUSD – are pertinent or material to their claims.[1]  Furthermore,

10  as is made clear by Plaintiffs' opposition to this motion, Plaintiffs seek to convince

11  this court (and presumably the jury) that CAIR is a terrorist and racist organization.

12  (Opp. at 3:1-5:10 [discussing CAIR's "ties to Islamic supremacism" "isolated status

13  within the Muslim community," and "anti-Israel activity"]; *id.* at 8:16-19 [the "real

14  scandal" in this case is "Defendants' wedded partnership with a notorious,

15  pervasively sectarian organization"]; (*id.* at 8:6 [CAIR has an "internationally

16  reprehensible reputation"].)  This is a transparent attempt by Plaintiffs to support

17  their claims of a constitutional violation by smearing Defendants through their

18  relationship with CAIR based solely on CAIR's supposed status as a terrorist

19  organization.  Plaintiffs miss the issue at hand in this motion entirely, which is

20  whether CAIR's alleged terrorist ties have any bearing whatsoever on their claims

21  that Defendants did not respect the separation of Church and State.  On this matter,

22  Plaintiffs provide no allegations or argument, and instead focus on attempting to pile

23  on additional evidence of CAIR's terrorist ties and racism.[2]

─────────────

25  [1] Contrary to Plaintiffs' argument, Defendants do not seek to attack the sufficiency

26  of Plaintiffs' factual allegations, but instead seek to strike clearly irrelevant
inflammatory and scandalous allegations.

27  [2] Plaintiffs inexplicably reference the principle that "no one can take advantage of

28  his own wrong," claiming that Defendants' alleged knowledge of CAIR's history

Plaintiffs claim that because the pleadings are already in the public domain and this case has attracted media attention, there is no reason to strike these allegations. However, Rule 12(f) states that a court has broad discretion to strike any "redundant, immaterial, impertinent, or scandalous matter." In any publicly filed lawsuit, the initial complaint and subsequent pleadings are already in the public domain. This reality, as well as the common presence of media attention, are not valid reasons to disregard the Rule 12(f) standard, and Plaintiffs have cited no case law supporting this argument. Finally, Plaintiffs claim that since pleadings are inadmissible at trial, they could not produce any negative influence on a jury. However, courts have granted motions to strike based on prejudice from the possibility that unwarranted inferences will be drawn at trial by the trier of fact. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (stricken allegations "created serious risks of prejudice to [counterdefendant]" due to "a strong likelihood" that the stricken material "would lead to unwarranted and prejudicial inferences"); *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002) ("The possibility that … superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike.").

Thus, Defendants have established that these allegations are "immaterial, impertinent, or scandalous," and will prejudice Defendants by inflaming the public (who has access to case filings), confusing the issues, creating unwarranted and prejudicial inferences by the jury, and forcing Defendants to respond to several

---

and opportunities to disavow CAIR prevents them from seeking to strike scandalous allegations from the FAC. (Opp. at 7:5-8.) This argument is nonsensical – Defendants seek to strike the allegations because they have no bearing on Plaintiffs' claims, and it is unclear how this amounts to Defendants taking advantage of their own wrongs.

1 | paragraphs of irrelevant material.[3]

### III.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to strike paragraphs 72-79, 140 (partial), 228 (partial), and 230 of the First Amended Complaint.

Dated:  January 9, 2018

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: _____
MICHAEL C. SULLIVAN
JENNIFER M. FONTAINE
Attorneys for Defendants San Diego Unified School District; Richard Barrera; Kevin Beiser; John Lee Evans; Michael McQuary; Sharon Whitehurst-Payne; Cynthia Marten

---

[3] Plaintiffs seek to minimize this prejudice by erroneously construing Defendants' motion to strike as merely addressing two clauses in two paragraphs of the FAC. However, as acknowledged in Plaintiffs' Notice of Errata to its Opposition Brief (ECF No. 22), Defendants move to strike not only portions of Paragraphs 140 and 228, but also nine additional paragraphs in the FAC.  (Notice of Motion at 1:6-11; Memo. of Ps & As at 6:11-13.)

1

## PROOF OF SERVICE

2

**Citizens for Quality Education San Diego et al. v. San Diego Unified School District et al.**

3

**Case No. 17cv01054-BAS JMA**

4

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

5

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

6

7

On January 9, 2018, I served true copies of the following document(s) described as **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFFS' FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

8

9

10

Charles S. LiMandri
Paul M. Jonna
Teresa L. Mendoza
Jeffrey M. Trissell
Freedom of Conscience Defense Fund
P.O. Box 9520
Rancho Santa Fe, CA  92067
Telephone: (858) 759-9948
Facsimile: (858) 759-9938
E-Mail: cslimandri@limandri.com
E-Mail: kdenworth@limandri.com
E-Mail: pjonna@limandri.com
E-Mail: tmendoza@limandri.com
Attorneys for Plaintiffs

11

12

13

14

15

16

17

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

18

19

20

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

21

22

Executed on January 9, 2018, at San Diego, California.

23

24

_____

25

Amy R. Dickey

26

27

28