# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR QUALITY EDUCATION SAN DIEGO, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 17-cv-1054-BAS-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12(f) MOTION TO STRIKE ALLEGATIONS FROM THE FIRST AMENDED COMPLAINT**<br><br>**[ECF No. 18]** |

Presently before the Court is Defendants' motion to strike several allegations from the First Amended Complaint ("FAC") in whole or in part. (ECF No. 18.) Plaintiffs have opposed (ECF No. 20, 22) and Defendants have replied (ECF No. 23). For the reasons herein, the Court grants in part and denies in part Defendants' motion.

**I.    BACKGROUND**

This case concerns the Anti-Islamophobia Initiative (the "Initiative") of the San Diego Unified School District ("SDUSD"), developed to address bullying of and discrimination against Muslim students. (FAC ¶1.) The Plaintiffs are two San Diego-based organizations and six parents suing on behalf of themselves and their children who are SDUSD students. (*Id.* ¶¶8–14.) Although SDUSD is no longer a defendant in this case, the remaining defendants are members of the SDUSD school board and SDUSD's superintendent. (FAC ¶¶16–21; ECF No. 19 (order granting

joint request for dismissal of SDUSD).)

Plaintiffs allege that since July 26, 2016, Defendants have engaged with the Council on American-Islamic Relations ("CAIR"), an "Islamic advocacy organization", to develop and implement the Initiative. (*Id.* ¶1.) Plaintiffs allege that Defendants have entangled themselves with a religious organization and established a "discriminatory scheme that establishes Muslim students as the privileged religious group within the school community" and left students of other faiths, such as Jewish students, "vulnerable to religiously motivated bullying." (*Id.* ¶¶2, 47.) Plaintiffs allege that Defendants' Initiative violates: (1) the Establishment and Free Exercise Clauses of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, (2) the No Preference, Establishment, and No Aid Clauses of the California Constitution, and (3) various California statutes. Plaintiffs seek a declaration that Defendants violated these provisions and an injunction enjoining Defendants from implementing and enforcing the challenged conduct. (*Id.* ¶¶4–6.)

## II. LEGAL STANDARD

Upon motion by a party, the court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading. FED. R. CIV. P. 12(f). "'[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983), *rev'd on other grounds*, 510 U.S. 517 (1994)). The decision whether to grant a motion to strike is within the discretion of the district court. *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015). Rule 12(f) motions to strike are generally disfavored. *See Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Consistent with the judicial aversion to these motions, there are limits on the proper scope of a Rule 12(f) motion and when relief is warranted.

A motion to strike under Rule 12(f) is not "an appropriate avenue to challenge the truth of an allegation." *See F.D.I.C. v. Johnson*, No. 2:12-cv-00209-KJD, 2012 WL 5818259, at *6 (D. Nev. Nov. 15, 2012). In deciding a motion to strike, courts may not resolve disputed and substantial factual or legal issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). A motion to strike should only be granted when it is "clear that [a matter] can have no possible bearing on the subject matter of the litigation." *Ill. Nat'l Ins. Co. v. Nordic PCL Constr., Inc.*, 870 F. Supp. 2d 1015, 1039 (D. Haw. 2012). If there is any doubt whether the allegations to be stricken might bear on an issue in the litigation, the court should deny the motion. *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

## III. DISCUSSION

Defendants move to strike certain allegations in the FAC pertaining to CAIR as immaterial, impertinent, and scandalous. (ECF No. 18 at 3.) Defendants argue that Plaintiffs "seek to inflame the public by their scandalous allegations of CAIR's ties to terrorism and anti-Israel agenda." (*Id.*) In opposition, Plaintiffs argue that Defendants' motion should be denied because it asks the Court to wade into fact-intensive issues and "rush to judgment" on Plaintiffs' claims. (ECF No. 20 at 1.) Plaintiffs further argue that Defendants have failed show how the allegations are prejudicial to them and seek only to make cosmetic changes to the FAC. (*Id.*)

### A. Allegations Pertaining to Terrorism

Seven allegations Defendants seek to strike pertain to CAIR's alleged ties to terrorism. Plaintiffs allege that "since CAIR's founding in 1994, it has been linked by a complex set of personal, financial, and operational relationships with Islamic extremist groups, including the Muslim brotherhood and especially Hamas, which the United States State Department has designated as a terrorist organization." (FAC ¶72.) Plaintiffs allege that several leaders of CAIR have been involved with "terrorism-related crimes" (*id.* ¶73), federal prosecutors have linked CAIR with terrorist organizations (*id.* ¶¶74–75), the FBI ceased formal contact with CAIR

"because of its ties to terrorism" (*id.* ¶¶76–77), CAIR was "designated as a terrorist organization" by the United Arab Emirates (*id.* ¶78), and CAIR leaders have expressed "the notion that Israel and U.S. law enforcement pose a bigger threat to American Muslims than terrorist groups such as ISIS" (*id.* ¶79(c).).

### 1. The Allegations Are Impertinent, Immaterial, and Scandalous

The Court finds that these allegations are impertinent, immaterial, and scandalous under Rule 12(f). "Impertinent" matter consists of statements that do not pertain, and are not necessary to the issues in question. *Fantasy, Inc.*, 984 F.2d at 1527. Matter is "immaterial" where there is no important or essential relationship to the claims or defenses being pleaded. *Id.* (quoting 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE 2d §1382, at 706–11 (1990)). "The concepts of 'impertinent' and 'immaterial' matters have considerable overlap." *See Novva Ausrustung Grp., Inc. v. Kajiokam*, No. 2:17-cv-01293-RFB-VCF, 2017 WL 2990850, at *2 (D. Nev. July 13, 2017). Material is scandalous when it "casts a cruelly derogatory light on a party or other person." *Fantasy, Inc.*, 984 F.2d at 1527; *Mireskandari v. Daily Mail & Gen. Trust PLC*, 2013 U.S. Dist. LEXIS 194437, at *13 (C.D. Cal. July 31, 2013) (quoting 2 MOORE'S FED. PRAC. §12.37[3] at 12-97). Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or when it may cause prejudice to the objecting party. *Sirois v. East West Partners, Inc.*, No. 17-00383 DKW-RLP,—F. Supp. 3d—, 2018 WL 310127, at *5 (D. Haw. Jan. 5, 2018) (citing *Talbot v. Robert Matthews Distrib., Co.*, 961 F.2d 654, 664–65 (7th Cir. 1992)).

The claims in this case concern SDUSD's anti-Islamophobia Initiative and whether Defendants' development and implementation of the Initiative violates the United States and California constitutions and various federal and state laws. As Defendants correctly observe, the issue in this motion to strike is "whether CAIR's alleged terrorist ties having any bearing whatsoever on their claims that Defendants

did not respect the separation of Church and state." (ECF No. 23 at 5.) Allegations about ties to terrorism do not. Although Plaintiffs do point to CAIR's instructional materials to support their claims of excessive entanglement with religion by the Defendants (*see e.g.*, FAC ¶¶95–98, 101–105), allegations of CAIR's alleged connections with terrorism have no bearing on that issue. Whether true or not, the allegations largely pre-date SDUSD's relationship with CAIR and, therefore, are superfluous historical allegations that should be stricken. *See, e.g.*, *Healing v. Jones*, 174 F. Supp. 211, 220 (D. Ariz. 1959) ("Superfluous historical allegations are a proper subject of a motion to strike); *see also Merritt v. Countrywide Fin. Corp.*, No. 09-cv-01179-BLF, 2015 WL 5542992, at *13 (N.D. Cal. Sept. 17, 2015) ("[A] number of paragraphs contain superfluous historical allegations or unrelated information from other proceedings that are immaterial and impertinent."). Because the Court has already determined that the allegations bear no relationship to this controversy, the Court cannot escape the conclusion that Plaintiffs' allegations about CAIR's purported ties to terrorism are intended to create scandal. Accordingly, the Court finds that these allegations must be stricken as impertinent, immaterial, and scandalous. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996) (striking the term "slave sweatshop" from amended complaint as "immaterial, scandalous, and highly prejudicial").

In opposition to Defendants' motion, Plaintiffs contend that this Rule 12(f) motion is not the proper vehicle for Defendants' challenge to the allegations, but rather Defendants should bring a Rule 12(b)(6) motion. (ECF No. 20 at n.32.) Here, finding that Plaintiffs' allegations regarding CAIR's alleged ties with terrorism are impertinent and immaterial does not require the Court to pass on the legal sufficiency of Plaintiffs' claims. And the Court has not done so. Defendants have brought a proper Rule 12(f) motion as whether allegations about CAIR's alleged ties to terrorism should be stricken.

## 2. The Role of Prejudice Under Rule 12(f)

Although Plaintiffs' allegations are impertinent, immaterial, and scandalous, Plaintiffs argue that Defendants have failed to show prejudice and therefore cannot satisfy Rule 12(f)'s "critical step" of showing prejudice. (ECF No. 20 at 1.)

The text of Rule 12(f) does *not* require a party moving to strike to show prejudice. *See* FED. R. CIV. P. 12(f). Neither does Ninth Circuit precedent yet appear to require a showing of prejudice for a party to prevail on a Rule 12(f) motion. *See, e.g., Houston Cas. Co. v. Crum & Forster Ins. Co.*, No. 1:16-cv-535-LJO-EPG, 2016 U.S. Dist. LEXIS 114313, at * (E.D. Cal. Aug. 25, 2016); *Hernandez v. Dutch Goose, Inc.*, No. C 13-3537 LB, 2013 WL 5781476, at *5 (N.D. Cal. Oct. 25, 2013). Nevertheless, federal courts generally require a showing of prejudice in weighing whether to favorably exercise their discretion to strike allegations. *See e.g., Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1223 (S.D. Cal. 2010), *aff'd*, 768 F.3d 843 (9th Cir. 2014); *Freeman v. Alta Bates Summit Med. Ctr. Campus*, No. C 04-2019 SBA, 2004 WL 2326369, at *2 (N.D. Cal. Oct. 12, 2004). This judicially created requirement of prejudice stems from the view that motions to strike "are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Ollier*, 735 F. Supp. 2d at 1223; *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) ("Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief."). Here, the Court does not view Defendants' motion as a delaying tactic and will not require a showing of prejudice on that basis.

However, a showing of prejudice is necessary to aid in the Court's assessment of whether leave to amend should be provided when allegations are stricken. *See, e.g., Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, at *2 (N.D. Cal. Sept. 20, 2006) (leave to amend should be granted unless there would be prejudice to the opposing party). In opposing Defendants' motion to strike, Plaintiffs

request leave to amend the FAC if any allegations are stricken. (ECF No. 20 at 2 n.5.) Plaintiffs argue that there is no prejudice to Defendants by these allegations of CAIR's ties to terrorism because the original complaint and the FAC are readily accessible to the public. (ECF No. 20 at 7.) In effect, Plaintiffs argue that granting Defendants' motion to strike would be futile because there is no further harm the allegations can do to the Defendants. The Court rejects this argument. That pleadings were or are available to the public does not make a motion to strike futile. If that were the case, it would make little sense for the Federal Rules to permit a party to move to strike any allegation on the ground that it is scandalous. But the Federal Rules do permit this for the simple reason that relief under Rule 12(f), while sparingly given, carries meaning when it is provided. *See, e.g.*, *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005) ("A person within the courts' jurisdiction should not be subjected to scandalous or defamatory material submitted under the guise of a properly pleaded court document."); *Novva Ausrustung Grp., Inc.*, 2017 WL 2990850, at *2 ("A Rule 12(f) motion to strike is an extreme and drastic remedy. . .").

Here, it is appropriate to deny leave to amend because allegations regarding CAIR's alleged ties to terrorism are highly prejudicial. Given the lack of pertinence or materiality of these allegations to this case, their inclusion in the FAC is likely intended to "besmirch" Defendants and cast them in a derogatory light based on SDUSD's relationship with CAIR. *See Haddock v. Countrywide Bank, NA*, CV 14-6452 PSG (FFMx), 2015 U.S. Dist. LEXIS 146291, at *41 (C.D. Cal. Oct. 27, 2015) (courts will strike allegations under Rule 12(f) when "allegations [are] purely designed to besmirch"); *Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1202 (D. Nev. 2009) (striking allegations as scandalous where they "appear[] calculated to cast Defendants in a derogatory light and [are] full of wholly irrelevant material."). This is not a case in which the "strong policy favoring resolution on the merits" is implicated because the merits pertain to a different issue and permitting amendment

would defeat the purpose of striking these allegations under Rule 12(f). *McRee v. Goldman*, No. 11-CV-00991-LHK, 2012 WL 929825, at *5 (N.D. Cal. Mar. 19, 2012). Accordingly, the Court denies Plaintiffs' request for leave to amend as to these stricken allegations.

### B. The Court Will Not Strike Other Allegations

Defendants also seek to strike allegations in whole or in part regarding CAIR's alleged stance toward Israel and Judaism. Plaintiffs allege that CAIR is an "an anti-Israel organization that rejects Israel as a legitimate State and adversely demonizes Jewish people." (FAC ¶¶79(a), 79(b), 140, 228.) Plaintiffs also allege that CAIR's "longstanding ties to Islamic extremist groups such as Hamas, which is opposed to Jewish statehood and which calls for the elimination of all Jews, will adversely affect the objectivity and accuracy of instructional materials related to important historical issues such as the relationship between the Muslim world and Israel." (*Id.* ¶230.)

The Court recognizes that these allegations are distasteful, unsavory, and ultimately may have a minimal degree of relevance to the issues and claims in this litigation. However, "[i]t is not enough that the matter offends the sensibilities of the objecting party or the person who is the subject of the statements in the pleading, if the challenged allegations describe acts or events that are relevant to the action." *Lobaton v. City of San Diego*, No. 3:15-cv-1416-GPC-DHB, 2015 WL 7864186, at *2 (citing 5C FED. PRAC. & PROC. CIV. § 1382).) A court must resolve any doubt as to the relevance of the challenged allegations in favor of the non-moving party. *Cal. Dep't of Toxic Substances Control, Inc.*, 217 F. Supp. 2d at 1033. For this reason, "if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied . . ." *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553–54 (D. Haw. 1998). After a review of the FAC and these allegations, the Court has doubts about whether the allegations are so immaterial or impertinent to the issues and claims in this litigation that they should be stricken. In particular, Plaintiffs allege that the Initiative is a "discriminatory scheme" and

"promotes discriminatory bias against non-Muslim students on the basis of their religion." (FAC ¶¶2, 166, 218–221, 237.) The particular allegations here also call into question the "objectivity and accuracy of instructional materials" CAIR disseminates as part of the Initiative. (*Id.* ¶230.) The Court cannot find that allegations pertaining to CAIR's alleged viewpoint toward Israel and Judaism are impertinent to the issues or claims in this litigation. Accordingly, the Court denies Defendants' motion to strike as for these allegations.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Court **GRANTS IN PART** Defendants' motion to strike. (ECF No. 18.) Paragraphs 72, 73, 74, 75, 75, 76, 77, 78 and 79(c) are **STRICKEN** from the First Amended Complaint. These allegations will form <u>no</u> part of the operative pleadings in this case.

2. Defendants' motion is **DENIED** as to paragraphs 79(a), 79(b), 140, 228, and 230.

3. Defendants are **ORDERED** to file an answer or otherwise respond to the FAC <u>**no later than Monday, March 19, 2018**</u>. Any answer may respond to stricken allegations as "Stricken by Order of the Court." Given the length of time this case has been pending without meaningful progression, no extensions of this deadline will be granted *absent a particularized showing of good cause*.

**IT IS SO ORDERED.**

DATED: February 12, 2018

Hon. Cynthia Bashant
United States District Judge