Charles S. LiMandri, SBN 11084
Paul M. Jonna, SBN 265389
Teresa L. Mendoza, SBN 185820
Jeffrey M. Trissell, SBN 292480
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, California 92067
Tel: (858) 759-9948; Fax: (858) 759-9938
cslimandri@limandri.com

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Citizens For Quality Education San Diego**, *et al*.,<br><br>Plaintiffs,<br><br>vs.<br><br>**San Diego Unified School District**, *et al*.,<br><br>Defendants. | Case No. 3:17-cv-1054-BAS (JMA)<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR LIMITED EXPEDITED DISCOVERY**<br><br>Date:         March 19, 2018<br>Judge:       Hon. Cynthia Bashant<br>Magistrate: Hon. Jan Adler<br><br>**No Oral Argument Unless Requested by the Court** |

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this Memorandum in Support of their Ex Parte Application for Limited Expedited Discovery. Plaintiffs are five families with schoolchildren in the San Diego Unified School District and two local community organizations based in San Diego County. Defendants are the District's Superintendent and each member of the District's Board of Education. At issue is Defendants' Anti-Islamophobia Initiative ("Initiative"), which they formally adopted into policy (the "Policy") at their school

board meeting on April 4, 2017, and their partnership with the Council on American-Islamic Relations (CAIR), a religious advocacy organization. On May 25, 2017, Plaintiffs sued in this Court, alleging that Defendants' Initiative violates various state and federal constitutional and statutory provisions in part because it constitutes government preference for religion.[1] Plaintiffs filed an amended complaint on June 28, 2017, with additional state law claims.[2]

At present, Defendants publicly maintain that they rescinded the Policy at their regular board meeting on July 25, 2017. But documents Plaintiffs' counsel received from a California Public Records Act (CPRA) request show that, contrary to their claims, Defendants are still executing the Initiative. Because Plaintiffs have suffered and continue to suffer irreparable harm from Defendants' unconstitutional actions and policies, they seek now injunctive relief. To prepare for the hearing on their Motion for a Preliminary Injunction, Plaintiffs request narrow and carefully tailored expedited discovery tied directly to the substance of their claims. Given the ongoing harms to Plaintiffs, the request is appropriate at this time. Accordingly, this Court can and should authorize this limited discovery, which is reasonable under the circumstances and supported by good cause.[3]

## FACTUAL BACKGROUND

On April 4, 2017, Defendants formalized their Anti-Islamophobia Initiative, which was developed in collaboration with the Council on American-Islamic Relations (CAIR), purportedly to combat the supposed bullying of and discrimination against Muslim students and their families. Plaintiffs allege that the Initiative expressly singles out Muslim students for preferential treatment and educational privileges. Plaintiffs also allege that

---

[1] Compl., ECF No. 1.
[2] Amend. Compl., ECF No. 3.
[3] *See* Ex. 1 (Pls.' Requests for Production).

- 2 -

Defendants' partnership with the Council on American-Islamic Relations (CAIR) to enforce sweeping changes to instructional materials and student welfare policies aids and advances a sectarian agenda.

The Board supposedly rescinded the Policy at its July 25, 2017, board meeting. That being so, Plaintiffs' counsel agreed with Defendants' counsel to apply ex parte for an extension to serve their summons and first amended complaint in exchange for the District expediting the CPRA records requests that Plaintiffs' counsel had made in May 2017.[4] That way, Plaintiffs could further investigate the issues surrounding the Initiative without engaging the Court in protracted litigation. The Court granted Plaintiffs the extension,[5] and the District began producing the CPRA records in September.

The CPRA documents revealed Defendants' extensive and personal involvement in maintaining their relationship with CAIR to advance the Initiative even in light of the July 25th board meeting.[6] For example, the documents showed that strategy meetings between Defendants and CAIR officials took place the very same day that the Board purported to rescind the Policy. Subsequent meetings and email exchanges discussed the continuation of the Initiative through the form of an "Islamophobia Toolkit" that CAIR agents provided to District officials and through the circulation of CAIR's recommended religious books. CAIR's recommended student resources are currently in use across the District. Consequently, Plaintiffs served Defendants with their amended complaint in November 2017 and after further investigation now seek an order enjoining Defendants' unconstitutional actions.[7] Accordingly, Plaintiffs request limited, expedited discovery to develop the factual record for its pending motion for a preliminary injunction.

///

---

[4] ECF No. 4.
[5] ECF No. 5.
[6] The last email the District produced was dated August 10, 2017.
[7] The Court dismissed San Diego Unified School District as a defendant upon granting the parties' joint Motion to Dismiss. (ECF No. 19.)

## LEGAL STANDARD

Generally, a party may not initiate discovery before the parties have satisfied the meet and confer requirement of Federal Rule of Civil Procedure 26(f). A court may, however, authorize earlier discovery where the requesting party demonstrates good cause. *See Semitool, Inc. v. Tokyo Electon Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *United States v. Distribuidora Batiz CGH, S.A. De C.V.*, No. 07-cv-370-WQH-JMA, 2009 WL 2487971, at *10 (S.D. Cal. Aug. 10, 2009). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Satmodo, LLC v. Whenever Commc'ns, LLC*, No. 3:17-cv-192-AJB-NLS, 2017 WL 4557214, at *3 (S.D. Cal. Oct. 12, 2017) (internal quotation marks omitted).

Accordingly, courts in the Ninth Circuit analyze requests for expedited discovery under the good cause standard by considering the following non-exclusive factors: (1) whether a preliminary injunction is pending; (2) the breadth of the requests; (3) the purposes for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *See American Legalnet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1067 (C.D. Cal. 2009). Plaintiffs' narrow request for expedited discovery is reasonable and supported by good cause.

## ARGUMENT

**A.   Plaintiffs' Request is Reasonable in Light of their Move for Injunctive Relief.**

Because of the accelerated nature of the injunction proceedings, expedited discovery is particularly appropriate when the plaintiff seeks such relief. *See Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841 (D.D.C. 1996). Moreover, expedited discovery may "better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Philadelphia Newspapers, Inc. v. Gannett Satellite Information*, No. CIV.A.98–CV–2782, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998). To be sure, expedited discovery is not automatically granted merely because a party

seeks a preliminary injunction. *Am. Legalnet*, 673 F.Supp.2d at 1066. Instead, in deciding whether to grant a request for expedited discovery to prepare for a preliminary injunction hearing, the Court examines the reasonableness of the application in light of all the surrounding circumstances. *Id*. at 1067. Here, Plaintiffs' request for expedited discovery is reasonable given their intention to seek a preliminary injunction against Defendants' ongoing unconstitutional policies and practices. Defendants are causing and will continue to cause Plaintiffs irreparable harm. Thus, Plaintiffs are making this motion for expedited discovery now to obtain additional facts directly relevant to their motion as quickly as practicable so that the Court may consider them in its decision.

**B.  Plaintiffs' Request is Narrowly Tailored.**

A court may properly deny a motion for expedited discovery where a plaintiff seeks discovery that is not "narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of plaintiff's claims in this action." *Am. Legalnet*, *supra*, at 1066. Here, however, the limited expedited discovery that Plaintiffs request is reasonable in its scope and directly related to the claims upon which Plaintiffs have moved for an injunction. The burden on Defendants will be nominal. Plaintiffs seek documents relating to the ongoing implementation of the Initiative and Defendants' sustained relationship with CAIR. These documents are already in the District's possession and should not require an extensive search. Moreover, the process for producing these records will be similar to any typical public records request that the District receives on any given day. Thus, the incremental burden to the District of complying with the requested discovery should be minimal.

**C.  The Purpose of the Requested Discovery Benefits Both Plaintiffs and the Court with Minimal Burden on Defendants.**

Furthermore, the requested discovery is directly related to Plaintiffs' preliminary injunction motion because it provides further evidence of the Initiative's discriminatory purpose and effect. To be sure, Plaintiffs already have extensive evidence in support of

their claims. Nonetheless, the "sensitive inquiry into such circumstantial and direct evidence of intent as may be available" can only be enhanced by obtaining that evidence directly from Defendants. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266 (1977). To that end, evidence regarding Defendants' ongoing actions and policies will shed light on the irreparable injuries that they have caused and will continue to cause Plaintiffs. Moreover, because evidence shows that Defendants' purported rescission of their Policy was a sham, a more complete evidentiary record will assist Plaintiffs and the Court in determining the extent of Defendants' unlawful actions since July 27, 2017.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Ex Parte Application for Limited Expedited Discovery to assist Plaintiffs in preparing for the hearing on their preliminary injunction.

Respectfully submitted,

FREEDOM OF CONSCIENCE DEFENSE FUND

Dated:  February 20, 2018      By:    /s/ Charles S. LiMandri
Charles S. LiMandri
Paul M. Jonna
Teresa L. Mendoza
Jeffrey M. Trissell

Attorneys for PLAINTIFFS