1  Charles S. LiMandri, SBN 110841
2  Paul M. Jonna, SBN 265389
   Teresa L. Mendoza, SBN 185820
3  Jeffrey M. Trissell, SBN 292480
4  FREEDOM OF CONSCIENCE DEFENSE FUND
   P.O. Box 9520
5  Rancho Santa Fe, California 92067
6  Tel: (858) 759-9948; Fax: (858) 759-9938
7  cslimandri@limandri.com

8  Attorneys for PLAINTIFFS

9

10                 UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12  **Citizens For Quality Education**          Case No. 3:17-cv-1054 BAS ( JMA)
13  **San Diego**, *et al*.,

14            Plaintiffs;
15                                              **JOINT MOTION TO**
                                                **AUTHORIZE PLAINTIFFS**
16        v.                                    **TO SEEK THIRD PARTY**
                                                **DISCOVERY PRIOR TO**
17  **San Diego Unified School District, *et al*.,**   **RULE 26(F) CONFERENCE**

18        Defendants.                           **[F.R.C.P. 26(d)(1)]**
19

20

21                                             Judge:      Hon. Cynthia Bashant
                                               Magistrate: Hon. Jan M. Adler
22

23        Plaintiffs Citizens for Quality Education San Diego, San Diego Asian

24  Americans for Equality Foundation, Scott Hasson, individually and as next friend on

25  behalf of his minor child, C.H., Chaoyin He, individually and as next friend on behalf

26  of her minor child, B.H., Xuexun Hu, individually and as next friend on behalf of his

27  minor child, R.H., Kevin Steel and Melissa Steel, individually and as next friends on

28  behalf of their minor child, K.S., and Jose Velazquez, individually and as next friend

1    on behalf of his minor child, J.V. (collectively, "Plaintiffs") and Defendants Richard

2    Barrera, Kevin Beiser, John Lee Evans, Michael McQuary, Sharon Whitehurst-

3    Payne, Cynthia Marten (collectively "Defendants") (together, "Parties") hereby

4    enter into this Stipulation authorizing Plaintiffs to seek third party discovery from

5    the Council on Islamic-American Relations ("CAIR") based on the following:

6        1.    On February 20, 2018, Plaintiffs filed a motion for preliminary

7              injunction, seeking an order enjoining Defendants from:

8              a.    Enforcing the San Diego Unified School District's ("District")

9                    Anti-Islamophobia Initiative's "Action Steps" or any other

10                   similar policy;

11             b.    Permitting CAIR, its employees, agents, and representatives to

12                   advance their organizational objectives within the District; and

13             c.    Adopting and implementing the CAIR Committee's

14                   "Islamophobia Toolkit" and all related online resources,

15                   recommended books, and instructional materials, together with

16                   all such materials currently in use in the District. (ECF No. 26.)

17       2.    The motion for preliminary injunction is currently scheduled for hearing

18             on April 23, 2018. (ECF No. 28 at 13.)

19       3.    Rule 26(d) of the Federal Rules of Civil Procedure provides that a party

20             may not seek discovery prior to the Rule 26(f) conference unless an

21             exception applies. One such exception permits parties to stipulate to

22             discovery outside of Rule 26(d)'s general timing. FED. R. CIV. P. 26(d).

23       4.    The Rule 26(f) conference has not yet taken place in this matter.

24             Plaintiffs seek discovery from CAIR prior to the Rule 26(f) conference

25             in order to gather information potentially relevant to their pending

26             motion for preliminary injunction. A true and correct copy of the

27             proposed subpoena to be served upon CAIR-California and CAIR-San

28             Diego is attached hereto as Exhibit 1.

JOINT MOTION TO AUTHORIZE PLAINTIFFS TO SEEK
THIRD PARTY DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

1    5.    Defendants agree to stipulate to permit Plaintiffs' service of the

2          subpoena attached as Exhibit 1 on CAIR prior to the Rule 26(f)

3          conference in this case.

4    6.    The Parties do not submit this Stipulation with the intent to cause

5          unnecessary delay.

6          SO STIPULATED.

7

8    Dated:  March 9, 2018          FREEDOM OF CONSCIENCE DEFENSE FUND

9

10                                 By:    /s/ Teresa L. Mendoza

11                                        CHARLES S. LIMANDRI
                                          TERESA L. MENDOZA
12                                        Attorneys for Plaintiffs

13

14   Dated:  March 9, 2018          PAUL, PLEVIN, SULLIVAN &
                                     CONNAUGHTON LLP
15

16

17                                 By:    /s/ Jennifer M. Fontaine
                                          MICHAEL C. SULLIVAN
18                                        JENNIFER M. FONTAINE
                                          Attorneys for Defendants Richard Barrera;
19                                        Kevin Beiser; John Lee Evans; Michael
                                          McQuary; Sharon Whitehurst-Payne;
20                                        Cynthia Marten
21

22

23

24

25

26

27

28

JOINT MOTION TO AUTHORIZE PLAINTIFFS TO SEEK
THIRD PARTY DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

1

## SIGNATURE CERTIFICATION

2   Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative

3   Policies and Procedures Manual, I hereby certify that the content of this document is

4   acceptable to Jennifer M. Fontaine, counsel for Defendants, and I have obtained Ms.

5   Fontaine's authorization to affix her electronic signatures to this document.

6

7   Dated:  March 9, 2018                    FREEDOM OF CONSCIENCE DEFENSE FUND

8

9                                            By:   /s/ Teresa L. Mendoza
                                                   CHARLES S. LiMANDRI
10                                                 TERESA L. MENDOZA
                                                   Attorneys for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

1

2

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

3  **Citizens For Quality Education**
4  **San Diego,** *et al.*,

5

6            Plaintiffs;

7      v.

8  **San Diego Unified School District,** *et al.*,

9

10

11            Defendants.

12

Case No. 3:17-cv-1054-BAS (JMA)

Judge:      Hon. Cynthia Bashant
Magistrate: Hon. Jan Adler

13                    **NOTICE OF SUBPOENA**

14        Please take notice that Plaintiffs, under Federal Rule of Civil Procedure 45(b)(1),

15  will serve the attached subpoena commanding the production of documents and

16  electronically stored information upon Council on American-Islamic Relations, California

17  in the above-captioned case.

18                          Respectfully submitted,

19  Dated: March 9, 2018

20                          FREEDOM OF CONSCIENCE DEFENSE FUND
                            /s/ Charles S. LiMandri
21                          Charles S. LiMandri, SBN 11084
22                          Teresa L. Mendoza, SBN 185820
                            P.O. Box 9520
23                          Rancho Santa Fe, CA 92067
                            Tel: (858) 759-9948; Fax: (858) 759-9938
24                          cslimandri@limandri.com
25

26                          Attorneys for PLAINTIFFS

27

28

                                                                    317cv1054

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on March 9, 2018, Plaintiffs' NOTICE OF SUBPOENA upon

3 the Council on American-Islamic Relations, California was electronically filed with the

4 Clerk of the Court using CM/ECF, which will send notification to the registered

5 attorney(s) of record that the document has been filed and is available for viewing and

6 downloading.

7      I further certify that on March 9, 2018, the attached document was served via U.S.

8 MAIL and EMAIL to the following:

9

10      Hussam Ayloush                         Hanif Mohebi
        Executive Director                      Executive Director
11      CAIR-California                         CAIR-San Diego
        2180 W. Crescent Ave., Ste. F          7710 Balboa Ave., Ste. 326
12      Anaheim, CA 92801                       San Diego, CA 92111
        info@losangeles.cair.com               info@sandiego.cair.com
13

14
                                                Ms. Jennifer M. Fontaine
15                                              Paul, Plevin, Sullivan & Connaughton LLP
                                                101 W. Broadway, Ninth Floor
16                                              San Diego, CA 92101-8285
17

18                                              *Attorney for Defendants*

19

20                                              /s/ Charles S. LiMandri

21                                              Charles S. LiMandri
                                                FREEDOM OF CONSCIENCE DEFENSE FUND
22                                              Tel: (858) 759-9948
                                                cslimandri@limandri.com
23

24

25

26

27

28

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

| | | |
|---|---|---|
| Citizens for Quality Education San Diego, et al. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   317-cv-1054-BAS (JMA) |
| San Diego Unified School District, et al. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Council on American-Islamic Relations California
                          2180 W. Crescent Ave. Ste. F Anaheim, CA 92801
_____
_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: Freedom of Conscience Defense Fund 16236 San Dieguito Rd., Ste. 3-15 Rancho Santa Fe, 92091 | Date and Time: 03/26/2018 10:27 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Citizens for Quality Education San Diego, et al.                                               , who issues or requests this subpoena, are:

Charles S. LiMandri, Freedom of Conscience Defense Fund, P.O. Box 9520 Rancho Santa Fe, CA 92067

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  317-cv-1054-BAS (JMA)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT ONE
## to Subpoena Served on Council on American-Islamic Relations, California

### SCHEDULE OF DOCUMENTS TO BE PRODUCED

#### DEFINITIONS

A.  The term "PERSON" includes without limitation any natural person, firm, association, partnership, corporation, or any other form of legal entity.

B.  The terms "YOU" and "YOUR" mean Council on American-Islamic Relations, California dba CAIR-California, CAIR-California local chapters, including CAIR-Los Angeles and CAIR-San Diego, and the following CAIR-California agents, employees, and/or representatives:

    a.   Hanif Mohebi
    b.   Susanne Arani
    c.   Mejgan Afshan
    d.   Fayaz Nawabi
    e.   Mohammed Kamel
    f.   Pat Sosa
    g.   Taha Hassane
    h.   Lallia Allali
    i.   Valerie Shields
    j.   Linda Williams
    k.   John Michno
    l.   Issam Lagrichi
    m.  Mohmoud Bondugjie

C.  The term "PLAINTIFFS" means the named Plaintiffs in this LAWSUIT.

D.  The term "DEFENDANTS" means the named Defendants in this LAWSUIT and the following current and/or former SDUSD officials and employees:

    a.   Linda Trousdale
    b.   Christopher Woehler
    c.   Margo Denton
    d.   Martha Karanopoulos
    e.   Stanley Anjan
    f.   Jim Solo
    g.   Andrew Sharp
    h.   Staci Monreal
    i.   Julie Graham
    j.   Agin Shaheed
    k.   Olga Venegas
    l.   Kamal Boulazreg

Attachment 1-1

E.   The term "COMMUNICATION" or "COMMUNICATIONS" means any transmission of information from one person to another, including without limitation by personal meeting, telephone, letter, email, social media messages (for example, a Facebook message), and text messages.

F.   The term "DOCUMENT" or "DOCUMENTS" means, consistent with Rule 34(a) of the Federal Rules of Civil Procedure, any designated documents or ELECTRONICALLY STORED INFORMATION—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

G.   The term "ELECTRONICALLY STORED INFORMATION" means any electronic data stored in any medium, including email, voicemail, word processing DOCUMENTS, websites, blogs, PDFs, social media messages, spreadsheets, audio and video recordings, and any other electronically stored files regardless of the storage medium in which it resides, including, but not limited to, computer hard drives (for example, laptops, desktops, and servers), removable storage media (for example, cards and flash memory devices), networked drives, and optical storage devices such as CDs and DVDs. This definition includes information contained on all recovery and archival systems.

H.   The terms "RELATING TO" or "RELATED TO" or "CONCERNING" mean constituting, comprising, pertaining to, referring to, recording, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, supporting, contradicting, or refuting, whether directly or indirectly.

I.   The term "LAWSUIT" means the action *Citizens for Quality Educ. San Diego, et al. v. San Diego Unified Sch. Dist., et al.*, case no. 3:17-cv-1054-BAS (JMA), in the United States District Court for the Southern District of California.

J.   The term "MUSLIM" means a believer in or adherent of Islam.

K.   The term "ISLAMOPHOBIA" means fear of or contempt for Muslims or Islam.

L.   The term "STUDENT" means one who is enrolled or attends classes at a public or private school in the State of California.

M.   The term "SDUSD" means the San Diego Unified School District.

N.   The term "ANTI-ISLAMOPHOBIA INITIATIVE" or "INITIATIVE" means SDUSD's plan to address Islamophobia and discrimination against MUSLIM students and their families, as directed by DEFENDANTS at their regular board meeting on July 26, 2016, under Agenda Item G5.

O.   The term "POLICY" means (1) Superintendent Marten's "Vision 2020 Quality Schools in Every Neighborhood District Accountability Report" presented to Defendant Board members for adoption as Agenda Item E1 at the SDUSD regular public board meeting on April 4, 2017, by which the INITIATIVE is formalized into a series of "Action Steps"; (2) all related policies and procedures, including non-written practices, that execute the "Action Steps" in any manner, direct or indirect.

P.   The "ISLAMOPHOBIA TOOLKIT" or "TOOLKIT" includes all DOCUMENTS CONCERNING ISLAMOPHOBIA, the INITIATIVE, and the POLICY provided to DEFENDANTS by Lallia Allali or Linda Williams in person or by email on or after July 25, 2017.

Attachment 1-2

Q. The "COUNCIL ON AMERICAN-ISLAMIC RELATIONS (CAIR) COMMITTEE TO ADDRESS ISLAMOPHOBIA IN THE SAN DIEGO UNIFIED SCHOOL DISTRICT" or "CAIR COMMITTEE" is the committee formed to address ISLAMOPHOBIA in SDUSD, including providing recommendations on the design, adoption, and implementation of the POLICY.

## INSTRUCTIONS

1. Unless otherwise specified, the period covered by each DOCUMENT request is from **July 1, 2016**, to the present.

2. Each request contained herein extends to all DOCUMENTS in YOUR possession, custody, or control.

3. These requests specifically require the production of all responsive DOCUMENTS, including all responsive ELECTRONICALLY STORED INFORMATION.

4. To the extent that YOU contend that YOU need not provide discovery of specific responsive ELECTRONICALLY STORED INFORMATION on the ground that the information is not readily accessible, YOU must identify with particularity:

   4.1. The information that is not reasonably accessible;
   4.2. The reasons why the information is not reasonably accessible; and
   4.3. The precise burden and cost associated with the production of the information.

5. YOU must identify, by category or type, any sources containing potentially responsive ELECTRONICALLY STORED INFORMATION that YOU are not searching. This identification should provide enough detail to enable PLAINTIFFS to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.

6. If YOU claim for any reason that certain electronic data sources need not be searched or that data from certain sources need not be produced, YOU shall make reasonable data samples available to PLAINTIFFS' counsel and provide access to the data sources for testing and analysis at a time and in a manner that is convenient for the parties.

7. YOU must not remove or degrade the ability of ELECTRONICALLY STORED INFORMATION to be searched and must provide native text-searchable copies of DOCUMENTS if certain DOCUMENTS exist in both searchable and non-searchable formats.

8. If DOCUMENTS exist in both electronic and non-electronic form or if multiple copies of the same DOCUMENT exist in the same form, YOU must produce all copies and may not selectively choose which format or version will be produced.

9. If YOU assert any privilege in responding to any request, describe in detail in each instance the type of privilege asserted, the basis for the assertion, all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent short of waiver, all information as to which YOU claim a privilege.

10. If privileged or protected ELECTRONICALLY STORED INFORMATION is inadvertently produced, YOU may assert by timely notice the privilege or protection, and YOU may obtain the return of the materials without a waiver. For this reason, YOU may not avoid or delay production obligations based on blanket, non-specific assertions of privilege or other protection.

Attachment 1-3

11. If, after making your initial production and inspection, YOU obtain or become aware of any further DOCUMENTS or ELECTRONICALLY STORED INFORMATION responsive to these requests, YOU are required to produce such additional DOCUMENTS to PLAINTIFFS' counsel in this LAWSUIT pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

12. In construing any Request, the singular form of a word shall be interpreted as plural and plural as singular as necessary to bring within the scope of the Request any COMMUNICATIONS or DOCUMENTS that might otherwise be construed to be outside its scope.

13. In construing any Request, whenever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any information which might otherwise be construed to be outside its scope; and "all" shall mean "any and all," unless the context requires otherwise.

14. Each Request shall be construed independently and not with reference to any other Request herein for purposes of limitation unless a Request so specifies.

## DOCUMENTS TO BE PRODUCED FOR INSPECTION AND COPYING

1. DOCUMENTS CONCERNING ISLAMOPHOBIA, the INITIATIVE, the POLICY, the TOOLKIT and any subsequent or related versions that YOU have developed, are developing, or intend to develop, whether or not in concert with DEFENDANTS.

2. COMMUNICATIONS since July 25, 2017, between YOU and DEFENDANTS CONCERNING ISLAMOPHOBIA, the INITIATIVE, the POLICY, the TOOLKIT and any subsequent or related versions that YOU have developed, are developing, or intend to develop, whether or not in concert with DEFENDANTS.

3. DOCUMENTS RELATED TO professional development for SDUSD officials and employees, including training modules, texts, videos, and webinars CONCERNING ISLAM, MUSLIM STUDENTS, and ISLAMOPHOBIA.

4. DOCUMENTS RELATED TO instructional support for SDUSD officials and employees, including webinars, curriculum, lesson plans, texts, teaching recommendations, book lists, discussion questions, and videos CONCERNING ISLAM, MUSLIM STUDENTS, and ISLAMOPHOBIA.

5. DOCUMENTS RELATED TO student support for SDUSD STUDENTS, including videos, webinars, curriculum, and texts CONCERNING ISLAM, MUSLIM STUDENTS, and ISLAMOPHOBIA.

6. DOCUMENTS RELATED TO parents of SDUSD STUDENTS, including webinars, texts, resource recommendations, and videos CONCERNING ISLAM, MUSLIM STUDENTS, and ISLAMOPHOBIA.

7. DOCUMENTS RELATING TO actual or proposed visitations by YOU to any property within SDUSD since April 4, 2017.

8. Agreements or activities, past, former, and future, between YOU and DEFENDANTS CONCERNING ISLAMOPHOBIA or MUSLIM STUDENTS since April 4, 2017.

9. Fundraising and promotional DOCUMENTS and COMMUNICATIONS that were, are, or were intended to be, published, disseminated, distributed, or available CONCERNING ISLAMOPHOBIA in SDUSD since April 4, 2017.

Attachment 1-4

10. DOCUMENTS RELATING TO surveys, public opinion polls, studies, searches, analyses, investigations, or quantitative or qualitative research CONCERNING ISLAMOPHOBIA and the bullying of and discrimination against MUSLIM STUDENTS in the State of California.

11. DOCUMENTS identifying all persons and entities that participated, directly or indirectly, in the design, creation, selection, implementation, and approval of the INITIATIVE, the POLICY, and the TOOLKIT, and any subsequent or related versions that YOU have developed, are developing, or intend to develop, whether or not in concert with DEFENDANTS.

12. DOCUMENTS and COMMUNICATIONS CONCERNING this LAWSUIT.

13. Financial DOCUMENTS, projections, and budgets CONCERNING the INITIATIVE, the POLICY, and the TOOLKIT, and any subsequent or related versions that YOU have developed, are developing, or intend to develop, whether or not in concert with DEFENDANTS.

14. DOCUMENTS RELATING TO a future relationship, formal or informal, CONCERNING SDUSD, DEFENDANTS, the INITIATIVE, and the TOOLKIT, and any subsequent or related versions that YOU have developed, are developing, or intend to develop, whether or not in concert with DEFENDANTS.

15. DOCUMENTS and COMMUNICATIONS sent to or from the Islamic Center of San Diego and its employees, representatives, and agents, CONCERNING ISLAMOPHOBIA and SDUSD and/or DEFENDANTS.

16. DOCUMENTS and COMMUNICATIONS sent to or from the North American Islamic Trust and its employees, representatives, and agents, CONCERNING SDUSD and/or DEFENDANTS.

17. DOCUMENTS and COMMUNICATIONS sent to or from Islamic Society of North America and its employees, representatives, and agents, CONCERNING SDUSD and/or DEFENDANTS.

18. DOCUMENTS identifying any and all past, present, and potential agents, joint venture partners, or independent contractors that YOU hired or engaged RELATING TO SDUSD, the INITIATIVE, the TOOLKIT, and any similar policy or practice in the State of California.

Attachment 1-5

1

**CERTIFICATE OF SERVICE**

2 *Citizens for Quality Educ. San Diego, et al. v. San Diego Unified School District, et al.*

3 United States District Court Southern District of California

4 Case No. 3:17-cv-1054 BAS (JMA)

5 STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

6   At the time of service, I was over 18 years of age and not a party to this action.

7 I am employed in the County of San Diego, State of California. My business address

8 is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

9   On March 9, 2018, I served true copies of the following document(s)

10 described as **JOINT MOTION TO AUTHORIZE PLAINTIFFS TO SEEK**

11 **THIRD PARTY DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** on

12 the interested parties in this action as follows:

13 Michael C. Sullivan, Esq.
Jennifer M. Fontaine, Esq.

14 Paul, Plevin, Sullivan & Connaughton LLP
101 West Broadway, Ninth Floor

15 San Diego, CA 92101-8285
Tel: (619) 237-5200; Fax: (619) 615-0700

16 E-Mail: jfontaine@paulplevin.com
Attorneys for Defendants Richard Barrera; Kevin Beiser; John Lee Evans;

17 Michael McQuary; Sharon Whitehurst-Payne; Cynthia Marten

18  **X**  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed

19 the document(s) with the Clerk of the Court by using the CM/ECF system.

20 Participants in the case who are registered CM/ECF users will be served by the

21 CM/ECF system. Participants in the case who are not registered CM/ECF users

22 will be served by mail or by other means permitted by the court rules.

23   I declare under penalty of perjury under the laws of the United States of

24 America that the foregoing is true and correct and that I am employed in the office

25 of a member of the bar of this Court at whose direction the service was made.

26   Executed on March 9, 2018, at Rancho Santa Fe, California.

27             _____

28             Kathy Denworth

Case No. 17CV1054 BAS JMA