# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR QUALITY EDUCATION SAN DIEGO, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 17-cv-1054-BAS-JMA<br><br>**ORDER GRANTING DEFENDANTS'** ***EX PARTE*** **REQUEST TO FILE SURREPLY IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[ECF No. 52]** |

　　　Presently before the Court is an *ex parte* motion filed by Defendants to file a surreply in support of their opposition to Plaintiffs' motion for a preliminary injunction. (ECF No. 52.) Plaintiffs filed a reply brief in support of their motion for a preliminary injunction (ECF No. 51) with 22 new exhibits (ECF No. 51-2), and a reply brief to CAIR-CA's *amicus curiae* brief (ECF No. 50). Defendants seek to file a surreply to respond to the new evidence submitted by Plaintiffs. (ECF No. 52 at 2.) Plaintiffs oppose the motion. (ECF No. 53.) For the reasons herein, the Court grants Defendants' *ex parte* motion.

## DISCUSSION

A decision to grant or deny leave to file a surreply is committed to the "sound discretion" of the court. *See Brady v. Grendene USA, Inc*., No. 3:12-cv-0604-GPC-KSC, 2015 WL 6828400, at *3 (S.D. Cal. Nov. 6, 2015); *United States v. Venture One Mortg. Corp.*, No. 13-CV-1872 W (JLB), 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015). Such discretion "should be exercised in favor of allowing a surreply only when a valid reason for such additional briefing exists, . . ." *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005). Discretion to grant leave to file a surreply is proper when a party has submitted new evidence with its reply brief. "[T]he district court may decline to consider new evidence or arguments raised in reply, and generally 'should not consider the new evidence without giving the non-movant an opportunity to respond.'" *Townsend v. Monster Beverage Corp.*, No. EDCV122188VAPKKX, 2018 WL 1662131, at *11 (C.D. Cal. Mar. 20, 2018) (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) and citing *Deirmenjian v. Deutsche Bank, A.G.*, No. CV 06-00774 MMM (CWx), 2006 WL 4749756, at *6 n. 52 (C.D. Cal. Sept. 25, 2006)).

Here, Plaintiffs have submitted 22 exhibits with their reply brief that were not included with their motion for a preliminary injunction. (ECF No. 51-2.) The Court's expedited discovery order contemplated that Plaintiffs could file new evidence with their reply based on documents produced by Defendants. (ECF No. 28.) Plaintiffs' inclusion of new evidence in their reply was thus not improper. But it also provides a valid reason for Defendants' request to file a surreply to respond to the new exhibits.

Plaintiffs, however, contend that the evidence submitted with their reply is not "new" to Defendants because Defendants produced the documents and, therefore, the information was available to them before they opposed Plaintiffs' preliminary injunction motion. (ECF No. 53 at 3–4.) This argument is unavailing. The question whether evidence is new for the purpose of assessing the propriety of a surreply is about whether that evidence was introduced for the first time in a reply brief. *See,*

*e.g., Hodes & Nauser, MDs, P.A. v. Moser*, No. 2:11-cv-02365-CM-KMH, 2011 WL 4553061, at *1 n.2 (D. Kan. Sept. 29, 2011) ("[T]he entirety of the surreply is properly before the court given the new evidence in AAPLOG's reply brief) (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (indicating that a surreply is proper when a party presents new evidence in a reply brief)). The fact the party seeking to file a surreply produced the evidence in discovery does not make the evidence any less new for the purposes of a surreply. *Cf. Provenz*, 102 F.3d at 1483 (considering response to new evidence submitted in reply in support of a motion for summary judgment).

Lastly, Plaintiffs' argument that they are entitled "to make the final argument" on their preliminary injunction motion and to permit otherwise would be "unfair" misses the mark. (ECF No. 53 at 2.) The question of fairness focuses on fairness to the nonmoving party. While it may be true that surreplies "usually are a strategic effort by the nonmoving party to have the last word on a matter," *Liberty Legal Found. v. Nat'l Dem. Party of the USA, Inc*., 875 F. Supp.2d 791, 797 (W.D. Tenn. 2012), the inclusion of new evidence by a moving party in a reply "vitiate[s]" the nonmoving party's "opportunity to effectively respond" if a court does not permit a surreply, tailored to addressing that new evidence. *See, e.g., In re Walsh Constr. Co*., No. 3:15-CV-648-TBR, 2018 WL 1411267, at *2 (W.D. Ky. Mar. 21, 2018). Here, the Court finds that it is in the interest of fairness to permit Defendants to file a surreply, given the 22 new exhibits.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendants' request to file a surreply in support of their opposition to Plaintiffs' motion for a preliminary injunction. (ECF No. 52.) **Defendants may file a reply, not to exceed 10 pages, no later than May 15, 2018. No extensions of this deadline will be granted.**

Defendants shall limit their reply to responding to Plaintiffs' new exhibits and should take care not to reiterate arguments already made in their opposition (ECF No.

32), to the extent possible. To prevent an endless pursuit of briefing, Defendants shall **not** file new exhibits with their surreply, nor should they raise new legal arguments. Moreover, Defendants may not circumvent the Court's prior order denying their previous *ex parte* motion to file a reply to CAIR-CA's *amicus curiae* brief. (ECF No. 45.) The Court will disregard any arguments in Defendants' surreply to that effect, including any arguments made in response to Plaintiffs' reply to CAIR-CA's *amicus curiae* brief.

The Court further advises both parties that **no additional briefing on Plaintiffs' pending motion for a preliminary injunction (ECF No. 26) will be permitted**.

**IT IS SO ORDERED.**

DATED: May 7, 2018

Hon. Cynthia Bashant
United States District Judge